## Alton Ry., G. & E. Co. v. Manning Mayfield, use of, etc.

1. CORPORATIONS—*Consolidation—Suits by Stockholders in Constituent Corporations.*—A stockholder in a constituent corporation who can not maintain an action for the value of his shares against his own corporation before its consolidation with another corporation can not do so against the corporation as consolidated.

2. SAME—*Construction of Section 7 of the Act Providing for the Consolidation of Corporations.*—Section 7 of the act providing for the consolidation of corporations (Hurd's R. S., 1897, p. 432) relates only to the rights and liabilities of the consolidating companies, such as the credits due them and the liabilities incurred by them, and not to the shares of stock in the constituent corporations.

Assumpsit, for shares of stock, etc.—Appeal from the Circuit Court of Madison County; the Hon. WILLIAM HARTZELL, Judge, presiding. Heard in this court at the August term, 1900. Reversed with directions. Opinion filed March 11, 1901.

Statement.—Appellee brought suit against appellant in the Circuit Court of Madison County by filing his declaration, consisting of one special count and the common counts, but afterward withdrew the common counts, leaving the special count as follows :

"Manning Mayfield, the plaintiff in this suit, who sues for the use of Huntington Smith, by Irwin & Struber, his attorneys, complains of the Alton Railway, Gas and Electric Company, the defendant, of a plea of trespass on the case on promises : · For that heretofore, to wit, on the 17th day of July, A. D. 1895, at, to wit, the county of Madison and State of Illinois, a corporation known as the Alton Railway and Illuminating Company was duly organized under the statute of the State of Illinois in such case made and provided, with a capital stock of two hundred and fifty thousand dollars, divided into twenty-five hundred shares of one hundred dollars each, which were fully subscribed for and issued; and thereafter, to wit, on the day and year aforesaid, at the county aforesaid, for a valuable consideration then and there paid, the plaintiff became the owner of fifty of the shares of the capital stock of said company, of the par value of five thousand dollars, which said fifty shares the plaintiff continued to hold and own for the use aforesaid until on and after the 8th day of August,

A. D. 1899, and the certificate for which he still holds
and owns for the use aforesaid. And the plaintiff avers
that prior to the said 8th day of August, A. D. 1899,
a corporation known as the Alton Railway, Gas & Elec-
tric Company was incorporated under the laws of the
State of Illinois with a capital stock of two hundred and
fifty thousand dollars, divided into shares of one hundred
dollars each, which were fully subscribed and issued; that
on the said 8th day of August, A. D. 1899, the two corpo-
rations above mentioned were consolidated into one corpo-
ration, by the name and style of the Alton Railway, Gas
and Electric Company, which is the defendant company in
this suit, and that at the time of the consolidation of said
companies the capital stock of the defendant company was
increased to five hundred thousand dollars, divided into five
thousand shares of one hundred dollars each, and the said
corporation undertook as one of the terms of consolidation
to provide that in lieu of the shares of stock held by the
stockholders of the said Alton Railway and Illuminating
Company an equal number of the shares of the defendant
company should be issued to the respective holders thereof,
upon surrender of the certificates held therefor. And the
plaintiff avers that he was the holder of a certificate for
fifty shares of stock, as aforesaid, for the use aforesaid, at
and before the consolidation of said corporations, and that
he did not consent or agree to the consolidation of said com-
panies or participate in any of the proceedings to consoli-
date the same, or agree to accept the stock of the defendant
company in lieu of the stock he held in the said Alton Rail-
way and Illuminating Company, and that the said last
named company pursuant to its agreement to consolidate
its stock, franchise and property with that of the defendant
company has disposed of all of its property, by transferring
and conveying the same to the defendant company, which
became the successor in business of the said Alton Railway
and Illuminating Company, and was merged into and amal-
gamated with it and has absorbed all its property, stock and
franchises except the shares of the plaintiff above named;
by reason whereof, and by force of the statutes in such case
made and provided, the defendant, on the day and year
aforesaid, at the county aforesaid, became liable to pay the
plaintiff, for the use aforesaid, so much as his said shares of
stock were then and there reasonably worth; and the plaint-
iff avers that the said fifty shares of stock were then and
there reasonably worth a large sum of money, to wit, the
sum of five thousand dollars; and being so liable the said

defendant, afterward, to wit, on the day and year aforesaid, at the county aforesaid, promised to pay the plaintiff so much as the said shares were reasonably worth, to wit, the sum of five thousand dollars, when it should thereafter be requested to do so; nevertheless the said defendant, though often requested, has not paid the plaintiff the said sum of five thousand dollars, nor any part thereof, but has hitherto neglected and refused and still neglects and refuses to do so; to the damage of the plaintiff of the said sum of five thousand dollars; wherefore he brings suit," etc.

To the declaration appellant interposed a general demurrer, which the court overruled, and appellant elected to stand by the demurrer, when a writ of inquiry was ordered and appellee's damages were assessed at $3,750, and judgment for that amount and costs, was entered against appellant, from which this appeal was taken.

LEVI DAVIS and HENRY S. BAKER, attorneys for appellant.

Whenever any corporation may desire to change its name, to change the place of business, to enlarge or change the object for which such corporation was formed, to increase or decrease the capital stock, to increase or decrease the number of directors, managers or trustees, or to consolidate said corporation with any other corporation now existing, or which may hereafter be organized, they may call a special meeting, etc. Act of 1872. Laws of Illinois, p. 487; Amended, Laws 1889, p. 95; 1 Starr & Curtis' Ann. St., p. 1034, Sec. 1.

Votes representing two-thirds of all the stock of the corporation shall be necessary for the adoption of the proposed change of name, place of business or consolidation with some other company. 1 Starr & Curtis' Ann. St., p. 1034, Sec. 3.

If at any regular annual meeting, or at the time and place specified in said notice of a special meeting for that purpose, said propositions, or any of them, be submitted to a vote, and if it shall appear that two-thirds of all the votes represented by the whole of such corporation are in favor of the propositions or of any of them, so submitted, a certificate thereof shall be filed, etc. And upon the filing of

such certificates the changes proposed and voted for at such meeting as to name, place of business, enlargement or change of the object for which such corporation was formed, increase or decrease of capital stock, increase or decrease of the number of directors, managers or trustees, or consolidation with some other company, shall be and is hereby declared accomplished in accordance with said vote of the stockholders.    1 Starr & Curtis' Ann. St., p. 1034, Sec. 4.

When the legislature retains the power to alter or amend the charter of a corporation, it may authorize a consolidation without the unanimous consent of the stockholders.    6 Am. & Eng. Ency. of Law (2d Ed.), p. 807.

A provision in the charter of a corporation authorizing a consolidation, is a part of the contract between the stockholders, and in such a case a consolidation may be effected without the unanimous consent of the stockholders. 6 Am. & Eng. Ency of Law (2d Ed.), p. 807, and cases cited.

A stockholder becoming a subscriber after the passage of an act authorizing consolidation of the corporation with another company can not prevent a consolidation for want of consent on his part.    6 Am. & Eng. Ency. of Law (2d Ed.), p. 808.

Where the consolidation is authorized by the charters of the constituent corporations, or by an act in force at the time of the subscription by a stockholder to the stock of one of the constituent corporations, or under the power of the legislature to alter or amend the charters of the constituent companies, the consolidated corporation may enforce subscriptions to the stock of constituent corporations even against dissenting stockholders; they are not released by the consolidation.    Sprague v. Ill. Riv. R. Co., 19 Ill. 174; T. H., etc., R. R. Co. v. Earp, 21 Ill. 291; Mansfield, Coldwater & Lake Michigan R. R. Co. v. Brown et al., 26 Ohio St. 223; Atchison, Colorado & Pacific R. R. Co. v. Board of Com's of Philips Co. et al., 25 Kan. 261; Nugent v. Supervisors of Putnam Co., 86 U. S. (19 Wall.) 241; Livingston Co. v. Portsmouth Bank, 128 U. S. 102; Sche-

nectady & Saratoga Plk. R. Co. v. Thatcher, 1 Kern (11 N. Y.), 102; Buffalo & N. Y. City R. R. Co. v. Dudley, 4 Kern. (14 N. Y.) 336; Meadow Dam v. Gray, 30 Me. 547; Pacific R. R. Co. v. Renshaw, 18 Mo. 210; Fry v. Lexington, 2 Met. (Ky.) 314; Ill. River R. R. Co. v. Beers, 27 Ill. 185.

JOHN G. IRWIN, attorney for appellee, contended that the consolidation of one corporation with another shall not affect causes of action nor the rights of persons in any particular.     Starr & C., Vol. I, Ch. 32, Sec. 7, p. 1034, Ed. 1896.

In all cases when any company or corporation, chartered or organized under the laws of this State, shall consolidate its property, stock or franchises with any other company or companies, such consolidated company shall be liable for all the debts or liabilities of each company included in said consolidated company, existing or accrued prior to such consolidation; and actions may be brought and maintained, and recovery had therefor against such consolidated company.     Starr & C., Ch. 32, Vol. I, p. 1036, Sec. 1, Act of 1867.

When a new corporation is formed by amalgamation, under the authority of the State, of two or more corporations into one, it succeeds to the powers and rights of its components, and is subject to all conditions and duties imposed by the law of their creation, except as the consolidating act may otherwise provide.     Ch., etc., R. R. Co. v. Moffitt, 75 Ill. 524.

The remedy under the above statute against the new company is at law, and not in equity.     Arbuckle v. Ill. M. R. Co., 81 Ill. 429.

Courts will scrutinize with jealousy any arrangement among corporations whereby their assets, which are a trust fund for their creditors, are turned over to another corporation, frittered away, or otherwise diverted from parties who have an equitable charge upon them. ' Without an act fixing the terms of consolidation the new company is liable for the debts of the constituent companies

as far as the property derived from each may suffice to satisfy creditors. The assets may be followed as a trust fund in equity into the hands of the new company, which takes with notice of the trust. The consolidated company may be expressly required, however, to assume all debts of its constituent parts, without regard to the sufficiency of the property derived from them to satisfy the claims. Beach on Pr. Corporations, Sec. 343, Vol. I, p. 558; Brum v. Mer. Mut. Ins. Co., 16 Fed. Rep. 140; Hibernia Ins. Co. v. St. L. Transp. Co., 5 McCrary, 398; Bent v. Hart, 73 Mo. 641; Upton v. Tribilcock, 91 U. S. 47; Prouty v. Lake Shore R. R. Co., 52 N. Y. 363; W. U. R. R. Co. v. Smith, 75 Ill. 496.

Without a statute, and unless otherwise provided in the statute authorizing a consolidation, or by the terms of agreement between the companies, the consolidated corporation assumes the liabilities of the companies composing it, and they may be enforced by proceedings against the new company. Beach on Private Corporations, Sec. 343; C., C. & I. C. Ry. Co. v. Skidmore, 69 Ill. 566.

The new company becomes subject to all liabilities of the constituent companies. Statutes in nearly all cases provide that the new company shall acquire the rights and be subject to the liabilities of the old. Therefore the debts of the old corporation are enforceable against the new. Because, also, when a new corporation is formed by the amalgamation of two or more distinct corporations into one, the new corporation succeeds to all the faculties and rights of the several components; it must, as a necessary consequence, be subject to all the conditions and duties also imposed by the law of their creation, both as to private persons and the public. For corporations can not by their own acts divest themselves of the duties and liabilities imposed upon them by law, the performance of which was the consideration upon which their charters were granted and which thus entered into their contract with the commonwealth. For this reason, unless otherwise provided by statute, the new company succeeds to the rights and liabilities of the old

ones. Beach on Private Corporations, Sec. 348; P. & R. I.
Ry. Co. v. Coal V. M. Co., 68 Ill. 489; Ch. Gas L. Co. v.
People's Gas Co., 121 Ill. 530; South Ch. Ry. Co. v. Calu-
met Ry. Co., 171 Ill. 391; Doane v. Ch. Ry. Co., 160 Ill. 38.

The holders of stock in the original companies do not
become, *ipso facto*, stockholders in the consolidated com-
pany, but only have the right to become so by surrendering
their old shares. Moreover, a member can not be compelled
to accept the stock of another company for his interest, a
consolidation of the two having been made, though he may
not be able to prevent consolidation. It is common to
provide for the shareholders in the transfer or company
exchanging their shares in that company for shares of the
same number of value in the company to which the transfer
is effected. But it is well settled that as to such transaction
as this a majority of shareholders can not bind a minority
to take shares in the transferee company. No individual
shareholder in the one can become a shareholder in the
other but by his own free will and his own express assent.
In conferring authority to consolidate corporations the
legislature is not to be understood as intending to compel a
dissenting or non-concurring stockholder to transfer his
interest because a majority of the stockholders consented to
the consolidation. Such legislation would impair the
obligation of contracts, and therefore be invalid; con-
sequently there is no power to force a stockholder of the
old corporation to join the new corporation, and to receive
stock in it on the surrender of his stock in the old company.
Beach on Private Corporations, Sec. 351; Clearwater v.
Meredith, 1 Wall. (U. S.) 29.

The general rule is that the consent of every stockholder
is necessary for consolidation, and those who dissent can
not be compelled to assent; for shareholders can not be
forced into new relations with new corporations without
their consent. Having embarked money in a venture, they
can not be compelled against their will to transfer it to a
larger or wider venture. Those who in such matters act
without the acquiescence of all the stockholders do so at

their peril and must take the consequences if their acts be undone at the instance of dissentient stockholders.    Beach on Private Corporations, Sec. 353.

The several propositions above stated will be found to be fully sustained and lucidly expounded in the following authorities :    Thompson on Private Corporations, Secs. 6543-47; Thompson on Private Corporations, Secs. 4548, 6678; Vance v. McNabb, etc., Coal Co., 92 Tenn. 47; 20 S. W. Rep. 427; Mason v. Pew M. Co., 133 U. S. 50; People v. Ballard, 134 N. Y. 269; Kean v. Johnson, 9 N. J. Eq. 413; Polar Star Lodge v. P. L. S., 16 La. An. 53; Nat. Bank v. Texas Ins. Co., 74 Tex. 421; Brum v. Merchants Mut. Ins. Co., 16 Fed. Rep. 140; Harrison v. Un. Pac. R. R. Co., 13 Fed. Rep. 522; Heman v. Britton, 88 Mo. 549; Blair v. St. L. H. & K. Co., 24 Fed. Rep. 148; Fogg v. St. L. R. R. Co., 17 Fed. Rep. 871; McVickers v. Am. Opera Co., 40 Fed. Rep. 861; I. C. Sav. Bank v. Sachtleben, 67 Tex. 420; Thompson on Stockholders, Secs. 1569, 2951.

An act forming several fire insurance corporations into one new corporation, containing a provision that it "shall not affect the legal rights of any person," does not constitute a member of the old companies who does not expressly assent to it, a member of the new corporation, although the act be duly accepted by a majority of the members of each of the old companies.    Hamilton Mut. Ins. Co. v. Hobart, 2 Gray (Mass.), 543.

Legislative consent to consolidation of existing corporations has the effect of dissolving the former corporations, and at the same instant of creating a new corporation, with property, liabilities and stockholders derived from the old, upon such terms and conditions as may be prescribed by the act of consolidation.    Beach on Private Corporations, Sec. 338, Ch. XVII; McMahon v. Morrison, 16 Ind. 172; 79 Am. Dec. 418; Lebanon, etc., R. R. Co., ads. Lauman, 30 Pa. St. 42; 79 Am. Dec. 685; Pullman Car Co. v. Mo. Pac. Ry. Co., 115 U. S. 587; Louisville, etc., R. Co. v. Palmes, 109 U. S. 244; R. R. Co. v. Georgia, 98 U. S. 359; R. R. Co. v. Maine, 96 U. S. 499, 508; Shields v. Ohio, 95 U. S. 319, 320; Clear-

water v. Meredith, 1 Wall. 25, 40, 42; Cooper v. Corbin, 105 Ill. 224; O. & M. Ry. Co. v. People, etc., 123 Ill. 467; Kincaid v. The People, 139 Ill. 216.

Upon consolidation the constituent companies, as independent entities, would cease to exist, and all their duties and obligations, whether to the public or to private persons, would be cast upon and must be assumed and discharged by the new consolidated company. O. & M. Ry. Co. v. People, etc., 123 Ill. 467; People ex rel., etc., v. L. & N. R. R. Co., 120 Ill. 48.

The general rule that the consolidation of two or more corporations into one creates a new company and works a dissolution of the original corporations forming the consolidated company is subject to exceptions, and depends upon the statute under which the consolidation is effected. It may work a dissolution of both, or its effect may be to create a new corporation with enlarged powers, franchises and property rights. C. S. & F. Ry. Co. v. Ashling, 160 Ill. 382.

But whether the old companies cease or do not cease to exist, the new company is bound for the debts and liabilities of the old one. C. S. & F. Ry. Co. v. Ashling, 160 Ill. 373.

Upon the dissolution of a corporation each stockholder has the right, as a general rule, and in the absence of a special agreement to the contrary, to have the partnership property converted into money, whether such sale be necessary for the payment of debts or not. Mason v. Pewabic M. Co., 133 U. S. 50.

The assets of a trade corporation, independent of statutory provisions, and notwithstanding its dissolution, belong to those who contributed to its capital, and for whom it stood as representative in the business in which it was engaged, and such assets are treated in equity as a trust fund to be administered for the benefit of the *bona fide* holders of stock, subject to the just claims of creditors of the corporation. If the managers convert its funds, or, being interested in another corporation or concern, manage

its affairs to its detriment and for the benefit of such other corporation or concern, the stockholder will be protected by the courts without requiring the guilty agents to proceed virtually against themselves.    Wheeler v. Pullman I. & S. Co., 143 Ill. 198; Higgins v. Lansingh, 154 Ill. 303; Farwell v. Great W. Tel. Co., 161 Ill. 600.

In conferring authority to consolidate the legislature is not to be held to have intended to compel a dissenting stockholder to transfer his interest because a majority consented to the consolidation; to so hold would be to impair the obligation of a contract.    Clearwater v. Meredith, 1 Wall. (U. S.) 29, 39.

Authority to consolidate may be granted if provision be made for a just compensation for the shares of such stockholders as dissent.    Power to thus take the shares is strictly construed, and will not warrant the taking of the shares of a dissenter for the purpose of leasing.    Mills v. Central R. R. Co., 41 N. J. Eq. 1.

A majority can not force a dissenting minority into such an arrangement without first purchasing their shares at their market value, though no provision be made for compensation therefor.    Lauman v. Lebanon V. R. R. Co., 30 Pa. St. 42–49.

The ground upon which the majority can force the minority to sell out, even for full value, has been questioned by courts of the highest respectability.    Mowrey v. I. C. R. R. Co., 4 Biss. 78.

It is not in the power of the courts to decree that the stock of shareholders dissenting from a plan of consolidation shall be condemned, appraised and sold for the purpose of quieting factious opposition.    Mills v. Central R. R., 41 N. J. Eq. 1.

When a consolidation is effected wrongfully, and against the protest of a shareholder, the consolidated company is liable to him for the value of his shares.    Beach on Private Corporations, Sec. 355; Taylor on Corporations, Sec. 536; International, etc., R. R. Co. v. Bremond, 53 Tex. 96.

Each shareholder in a corporation has a right to insist upon the carrying out of the objects of the charter or articles

of association, and can not be deprived of this right or privilege without his assent. Any act which materially and fundamentally changes the responsibilities and duties of the company, or which superadds a new enterprise to that which was originally contemplated, violates the rights of stockholders. Fry v. Lexington, etc., R. R. Co., 2 Metc. (Ky.) 314.

The ownership of a share vests in the owner the right to participate according to the amount of his stock in the surplus profits of the corporation on a division, and ultimately on its dissolution, in the assets remaining after the payment of debts; also the right to require that the corporate property shall not be diverted from the original purpose. Cook on Stockholders, Sec. 5; Plimpton v. Bigelow, 93 N. Y. 592; Field v. Pierce, 102 Mass. 253; Van Allen v. Assessors, 3 Wall. U. S. 573, 585; Neiler v. Kelley, 69 Penn. St. 403, 407; Bridgman v. Keokuk, 33 N. W. Rep. 355.

The stockholders are the owners of the franchise, property and assets of the corporation which remain after its debts and liabilities are discharged, notwithstanding its affairs are managed by directors. The directors are mere agents and trustees of the stockholders, who are bound only by acts of directors within the scope of their authority. Chetlain v. Republic Ins. Co., 86 Ill. 220; Mining Co. v. Mining Co., 116 Ill. 174; Bruschke v. N. Ch. S. V., 145 Ill. 444; Ch. Hansom Cab Co. v. Yerkes, 141 Ill. 320.

The shares are the individual property of the shareholders, and not the property of the corporation. The holder may sell and transfer them, they are subject to execution or attachment for his debts, and his relation to the corporation is such that he is not bound for its debts, aside from his liability upon his stock, unless he undertakes, in writing, to pay them. Home N. Bk. v. Waterman, 134 Ill. 467; Beach on Private Corporations, Sec. 612, Ch. XXXI; Sargent v. Franklin Ins. Co., 8 Pick. (Mass.) 90; Porter v. R. R. I. & St. L. R. R. Co., 76 Ill. 561.

MR. JUSTICE BIGELOW delivered the opinion of the court. On looking for the statute on which this action is assumed

to be based, we are informed by counsel for appellee that it is found in section 7 of the act providing for the consolidation of corporations. (See Hurd's Revised Statutes of 1897, p. 432.) The section reads as follows:

"Such change of name, place of business, enlargement or change of object for which such corporation was formed, increase or decrease of capital stock, or increase or decrease of number of directors, managers or trustees, or consolidation of one corporation with another, shall not affect suits pending in which such corporation or corporations shall be parties, nor shall such changes affect causes of action, nor the rights of persons in any particular; nor shall suits brought against such corporation by its former name, be abated for that cause."

This section has, in our opinion, no relation to the stock of a corporation, but relates only to the rights and liabilities of the consolidating companies—that is, to the credits due them, and the liabilities incurred by them.

Counsel says:

"We concede that a provision in a charter authorizing consolidation is a part of the contract between the stockholders, and enables two-thirds to effect a consolidation without the consent of the other third, but that is a different thing from the confiscation of the shares by means of this power."

It is not perceived what is meant by the latter part of the sentence.

If two-thirds of the stockholders of each of the two constituent companies could legally consolidate the stock and franchises of the companies in one company, as counsel admits they could do, it is not easy to see that any legal wrong could thereby have been committed upon any stockholder in either company. But as to the innuendo that appellee's stock has been confiscated by the consolidation of the company which issued it, with the Alton Railway, Gas & Electric Company, it is sufficient to say, that the declaration is entirely silent as to any wrong done appellee by the consolidation. There is no averment in the declaration that the value of appellee's stock in the Alton Railway and Illuminating Company was any less after than it was

before the consolidation. Nor is there any averment that the stock proposed to be issued by the consolidated company to appellee in lieu of his stock in the constituent company was or would be worth any less than the stock of the constituent company which issued it.

If appellee, at and before the consolidation, could have maintained a suit against the Alton Railway and Illuminating Company for the value of his stock, then this suit was properly brought, and the declaration should be held good and sufficient in law, otherwise it must be held insufficient. Not even the counsel who brought the suit attempt to claim that a suit could have been maintained against the constituent company, and he would be a bold man indeed who would even attempt to argue in favor of such a claim.

The claim of counsel for appellee that by the consolidation the stock of the consolidated company was watered, is shown by his own declaration to be without any foundation.

If the law under which the constituent companies were chartered had not provided that the companies might consolidate in the manner in which they have become consolidated, another and different question would have presented itself for consideration; but as the matter is now presented, none of the authorities cited by counsel for appellee have any controlling force in the case.

To hold that this action can be maintained, would be to practically nullify the law providing for the consolidation of corporations.

The court erred in overruling appellant's demurrer to appellee's declaration, and in rendering judgment against appellant, and for these errors the judgment is reversed, with instructions to the Circuit Court to sustain the demurrer.